IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| LISA JETER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: |
| v. | ) | CV-2014-394 |
| | ) | |
| MIDLAND FUNDING, LLC, | ) | |
| & MIDLAND CREDIT | ) | |
| MANAGEMENT | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, by and through her attorney, and avers against the Defendants the following:

### INTRODUCTION

1. This is an FDCPA case that arises from Defendants' reporting and seeking collection of a debt the Plaintiff did not owe, in violation of 15 U.S.C. §1692e, and having sued the Plaintiff in the wrong county, in violation of 15 U.S.C. §1692i.

2. Defendants' actions violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., (hereinafter "FDCPA").

### PARTIES

3. Plaintiff is a resident citizen of Mobile County, Alabama and has been so for over two years.

4. Plaintiff is a "consumer" as defined by the Fair Debt Collection Practices Act.

5. Defendants are foreign corporate entities engaged in the business of collecting debts in this state, with their principal places of business located at 8875 Aero Dr,

Ste 200, San Diego, CA 92123.

6. The principal purpose of Defendants is the collection of debts using the mails and telephone, and Defendants regularly attempt to collect debts alleged to be due another.

7. Defendants are "debt collectors" according to 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 15 U.S.C. §1692k(d) to hear Plaintiff's FDCPA claims in this matter.

9. This Court has personal jurisdiction over the Defendants because the Defendants have engaged in direct communications attempting to collect debts from Alabama resident citizens dwelling within this state.

10. Venue is proper as substantially all of the events or omissions giving rise to the Plaintiff's claims occurred within this district.

## FACTUAL ALLEGATIONS

11. At all times relevant to this proceeding, the Defendants were acting in an attempt to collect from the Plaintiff a debt allegedly owed to some entity called WebBank, who, according to the Defendants, transferred the debt to one or more third parties, who transferred the debt to the Midland Funding.

12. On or about February 24, 2014, Midland Funding filed a lawsuit, Case 05-SM-2014-900427.00, in the Small Claims Court of Baldwin County, alleging that the Plaintiff owed the Defendants a debt of $1892.55, and demanding judgment for that amount, plus court costs.  See attached Exhibit A.

13. Plaintiff did not owe Defendants any money.

14. Paragraph 2 of the complaint in the state court suit stated:

    (a) *"Venue of this action is proper in the county named above as the Defendant(s) are believed to be located and living in said county at the time of commencement of suit."*

15. In truth, at the time the lawsuit was commenced, Mrs. Jeter lived at 6200 Airport Blvd, Apt. 44, in Mobile, Alabama, 36608.

16. At that time, Mrs. Jeter had lived in Mobile County for at least two years.

17. Defendants knew or should have known that she lived there, because on April 6, 2014, only a few weeks after filing the lawsuit against Mrs. Jeter in Baldwin County, Midland Funding served a copy of the summons and complaint against her at her home in Mobile. See attached Exhibit B.

18. 15 U.S.C. §1692i(a)(2) requires that any legal action by a debt collector be brought in the consumer's home county or judicial district.

19. The District Court of Baldwin County is in the 28th Judicial Circuit of Alabama.

20. Plaintiff resides in Mobile County, which is in the 13th Judicial Circuit of Alabama.

21. Therefore, the only proper venue for the action was in Mobile County.

22. Mrs. Jeter hired the undersigned to represent her in the state court case, through whom she answered the state court complaint.

23. Shortly after answering the Complaint, the Defendants served Mrs. Jeter's attorney with a subpoena for Mrs. Jeter to appear at the trial in Baldwin County – a distance of over 30 miles from Mrs. Jeter's home.

24. In order to comply with the subpoena, Mrs. Jeter took a day off work and traveled to Fairhope to testify at trial.

25. Mrs. Jeter did testify at trial, and after Midland put forth its evidence and cross-examined Mrs. Jeter, the court entered a judgment in her favor. See attached Exhibit C.

26. It is a pattern and practice of the Defendants to file lawsuits against consumers like the Plaintiff without undertaking any real investigation into the factual basis of the alleged debts.

27. The Defendants' course of action in attempting to collect this debt have caused the Plaintiff damages in the following ways:

    (a) She had to hire a lawyer to defend her from the lawsuit;

    (b) She had to take time off from work and family[1] to defend herself from the Defendant's false allegations;

    (c) She had to drive 32 miles from her home in Mobile to appear in compliance with the subpoena;

    (d) This entire ordeal has been mentally and physically taxing, and has caused her anger, frustration, stress, humiliation, fear for her family's financial

---

1  Mrs. Jeter has four children, so her time is very valuable and sought-after indeed.

well-being, and unjustified and abusive invasion of her personal privacy.

## COUNT ONE: 15 U.S.C. §1692e(2)(A)

28. Plaintiff realleges and incorporates by reference paragraphs 1 through 27 above.

29. 15 U.S.C.§1692e prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. 15 U.S.C. §1692e(2)(A) specifically prohibits the false representation of "the character, amount, or legal status of any debt."

31. Defendants violated 15 U.S.C. §1692e(2)(A) by falsely representing to the Plaintiff and to the Baldwin County District Court that Plaintiff owed $1892.55 to the Defendants.

32. Paragraph 3 of the complaint in the state court suit stated that "Assignor provided a credit card...to the Defendant(s)..."

33. This characterization of the alleged debt was not true, as no credit card was ever provided to the Plaintiff by Defendants or any of their alleged predecessors.

34. Defendants violated 1692e(2)(A) by falsely representing to the Plaintiff and to the Baldwin County District Court that a credit card had been provided to the Plaintiff.

35. This misrepresentation was a deliberate attempt to coerce the Plaintiff into paying money she did not owe by cloaking the bogus lawsuit in a veneer of false plausibility.  The average American adult has at some point owned a credit card, so if you're going to sue someone for a debt they don't owe, your statistically best chance at convincing them of its' legitimacy is to just call it a credit card.

36. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages, expenses, costs, and reasonable attorney's fees.

37. As a result of Defendants' violations of the 15 U.S.C. §1692e(2)(A), Plaintiff is entitled to actual damages, statutory damages, expenses, costs, and reasonable attorney's fees.

## COUNT TWO: 15 U.S.C. §1692e(8)

38. Plaintiff realleges and incorporates by reference paragraphs 1 through 27 above.

39. 15 U.S.C. §1692e(8) prohibits the communication "to any person credit

information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

40. Once the Defendants received the Plaintiff's answer, it knew that the alleged debt was disputed.

41. Upon information and belief, the Defendants continued to report to consumer reporting agencies or other third parties that the Plaintiff owed Defendants an undisputed debt of approximately $1,892.55.

42. In addition to the damages alleged above, the Plaintiff has suffered reputation damage, lost creditworthiness, and increased stress, anxiety, and the time and expense of monitoring her credit reports.

43. As a result of Defendants' violations of the 15 U.S.C. §1692e(8), Plaintiff is entitled to actual damages, statutory damages, expenses, costs, and reasonable attorney's fees.

## COUNT THREE: 15 USC. §1692d

44. Plaintiff realleges and incorporates by reference paragraphs 1 through 27 above.

45. As a result of the meritless lawsuit filed by Midland Funding, the Plaintiff was harassed, oppressed, and abused.

46. The filing of a bogus "credit card" lawsuit against the Plaintiff and seeking money she did not owe was an aggressive collection tactic whose natural consequence was to harass, oppress, or abuse the Plaintiff.

47. 15 U.S.C. §1692d prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

48. Defendants violated 15 U.S.C. §1692d by filing and pursuing its meritless state court lawsuit against the Plaintiff, and by serving her with a subpoena for attendance at trial in that action.

49. As a result of Defendants' violations of 15 U.S.C. §1692d, Plaintiff is entitled to actual damages, statutory damages, expenses, costs, and reasonable attorney's fees.

## COUNT FOUR: 15 U.S.C. §1692i

50. Plaintiff realleges and incorporates by reference paragraphs 1 through 27 above.

51. Plaintiff was, at all times relevant to this proceeding and to the state court action which the Defendants brought against the Plaintiff, a resident of Mobile County, Alabama.

52. As stated above, Midland Funding brought a legal action against the Plaintiff in an inappropriate judicial district, in violation of 15 U.S.C. §1692i.

53. This caused the Plaintiff damages as described above.

54. As a result of Defendants' violations of 15 U.S.C. §1692i, Plaintiff is entitled to actual damages, statutory damages, expenses, costs, and reasonable attorney's fees.

## COUNT FIVE: 15 U.S.C. §1692f

55. Plaintiff realleges and incorporates by reference paragraphs 1 through 27 above.

56. 15 U.S.C. §1692f prohibits a debt collector from using any "unfair or unconscionable means to collect or attempt to collect a debt."

57. Suing a consumer for a debt that is unenforceable is an "unfair and unconscionable practice offensive to §1692f,"[2] even if where the consumer once owed the debt.

58. As described above, Plaintiff has suffered damage as a result of Midland's unfair and unconscionable lawsuit.

59. As a result of Defendants' violations of 15 U.S.C. §1692f, Plaintiff is entitled to actual damages, statutory damages, expenses, costs, and reasonable attorney's fees.

WHEREFORE, PREMISES CONISDERED, Your Plaintiff respectfully prays this Honorable Court Issue an Order against the Defendants for the following:

A) Actual damages arising from the Defendants' violations of the Fair Debt Collection Practices Act;
B) Statutory damages of One Thousand Dollars ($1000) from each Defendant for its violations of the Fair Debt Collection Practices Act;
C) Costs, expenses, and reasonable attorneys fees incurred in bringing this action;
D) **A trial before a struck jury;**

---

[2] *Kimber v. Federal Financial Corp.* 668 F. Supp 1480 (M.D. Ala. 1987).

E) For such other, further, and general relief as Your Honor deems just and proper;

RESPECTFULLY SUBMITTED this the 22nd Day of August, 2014.

/s/ Judson E. Crump
Judson E. Crump [CRU021]
Attorney for Plaintiff

Judson E. Crump, PC
250 Congress Street
Mobile, AL 36603
251.272.9148
judson@judsonecrump.com